**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

PLANET HOME LENIDNG, LLC,

     Plaintiff,

                                          Case No.: 3:21-cv-00002

v.

                                          Action for Debt and Foreclosure
                                          of Real Property Mortgage

FRANKLYN O. VICTOR; MONICA TODMAN;
U.S. DEPARTMENT OF TREASURY—INTERNAL
REVENUE SERVICE; and VIRGIN ISLANDS
BUREAU OF INTERNAL REVENUE;

     Defendants.

_____/

## JUDGMENT AND ORDER OF FORECLOSURE

     THIS MATTER is before the Court on the motion filed by Plaintiff for entry of Judgment against Defendants FRANKLYN O. VICTOR ("VICTOR"); MONICA TODMAN ("TODMAN"); U.S. DEPARTMENT OF TREASURY—INTERNAL REVENUE SERVICE ("IRS"); and VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE ("VIBIR"). Plaintiff further seeks an Order foreclosing its mortgage lien on certain real property given as security for repayment of the debt owing by Defendant VICTOR and foreclosure of any lower priority liens.

     Upon review of the relevant pleadings, affidavits, loan and mortgage documents, it is hereby GRANTED as follows:

### A. Findings of Fact and Conclusions of Law

     1.    Jurisdiction is proper over this matter pursuant to 28 U.S.C. § 1332, due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00.

2.      Venue is proper in this division because the real property at issue is located in St. Thomas, U.S. Virgin Islands.

3.      Planet Financial Group, LLC is the sole member of Green Planet Mortgage, LLC. Green Planet Mortgage, LLC is the sole member of PLANET HOME LENDING, LLC. Planet Financial Group, LLC and Green Planet Mortgage, LLC are Delaware limited liability companies. No individual member of Planet Financial Group, LLC; Green Planet Mortgage, LLC; OR PLANET HOME LENDING, LLC is a citizen of the U.S. Virgin Islands for diversity purposes.

4.      Defendant VICTOR is the sole owner of record of the subject Mortgaged Property located in St. Thomas, U.S. Virgin Islands, and upon information and belief, is a citizen and resident of St. Thomas, U.S. Virgin Islands.

5.      Defendant TODMAN is joined pursuant to V.I. CODE ANN. tit. 28, § 532 by virtue of subordinate mortgages/liens/interests recorded against the subject property.

6.      Defendant IRS is joined pursuant to V.I. CODE ANN. tit. 28, § 532 by virtue of subordinate mortgages/liens/interests recorded against the subject property.

7.      Defendant VIBIR is joined pursuant to V.I. CODE ANN. tit. 28, § 532 by virtue of subordinate mortgages/liens/interests recorded against the subject property.

8.      Defendant VICTOR is the sole owner of record of the subjected Mortgaged Property located in St. Thomas, U.S. Virgin Islands.

9.      On July 26, 2006, Defendant VICTOR executed a Note, in which he promised to pay the Note Holder the principal sum of FIVE HUNDRED SEVENTY SIX THOUSAND and 00/100 U.S. Dollars ($576,000.00) together with interest at the rate of 6.99% per annum, in equal monthly installments of $3,828.27.

10.    The Note provides that it shall become due and payable in its entirety, without notice, by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

11.    Repayment of the loan given to Defendant VICTOR, including any and all sums that they at any time and for any reason may become indebted to the Note Holder, is secured by a First Priority Mortgage executed by Defendant VICTOR on July 26, 2006 in the principal sum of $576,000.00 covering the following real property:

> **PARCEL NO. 278 ESTATE HOSPITAL GROUND**
> **NO. 9 NEW QUARTER**
> **ST. THOMAS, VIRGIN ISLANDS**
> **AS SHOWN ON PWD NO. D9-2097-T82**
> **CONSISTING OF 0.455 US ACRES, MORE OR LESS**

("Mortgaged Property"). The First Priority Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on July 31, 2006, as Document No. 2006007661.

12.    The First Priority Mortgage was assigned by the originator, THE BANK OF NOVA SCOTIA, to ORIENTAL BANK by an Assignment of Mortgage recorded on May 11, 2020 at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas and St. John, as Document No. 2020001318.

13.    The First Priority Mortgage was assigned by ORIENTAL BANK to SOL HOLDCO B LLC by an Assignment of Mortgage recorded on May 4, 2022 at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas and St. John, as Document No. 2022003096.

14.    The First Priority Mortgage was last assigned by SOL HOLDCO B LLC to PLANET HOME LENDING, LLC ("PLANET") by an Assignment of Mortgage recorded on

September 20, 2022 at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas and St. John, as Document No. 2022006615.

15.     The Note follows the First Priority Mortgage.  PLANET is the holder of the Note and Mortgage and is entitled to enforce the Note and First Priority Mortgage.

16.     Defendant VICTOR has failed to comply with the terms and conditions of the Note and Mortgage and is in default under those instruments for failing to pay the principal and interest when due on March 1, 2019.

17.     Notice of the default was sent to Defendant VICTOR at the mailing address and at the Mortgaged Property address at the time of default.

18.     Pursuant to the terms and conditions of the Note and First Priority Mortgage, PLANET has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and there is now, due and owing to PLANET, the total sum of at least **$712,342.68** as of **June 16, 2023**, as shown below:

| | |
|---|---|
| Principal Balance | $ 534,060.48 |
| Interest Due | $ 141,611.82 |
| From 02/01/2019 to 06/16/2023 @ *6.99%* | |
| Recoverable Balance | $  17,771.40 |
| Accum. Late Charges | $   2,351.73 |
| Escrow Advances | $  16,547.25 |
| **Total Due:** | **$ 712,342.68** |

Per diem interest in the amount of **$88.69** with interest rate of **6.99%** will accrue on the principal unless there is an interest rate change set forth in the Note. The aforementioned per diem interest will then accrue on the principal unless/until the next interest rate change date and accrue thereafter in accordance with the variable rate as set forth in the Note.

19.     Defendant MONICA TODMAN is joined by virtue of any right, title or interest said Defendant may claim pursuant to the following subordinate interests recorded against the Mortgaged Property:

      a.      Lis Pendens in Superior Court of the Virgin Islands, Division of St. Thomas and St. John, Civil No. ST-2008-CV-00313, recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on July 11, 2008 as Document No. 2008007236; and

      b.      Lis Pendens in Superior Court of the Virgin Islands, Division of St. Thomas and St. John, Civil No. ST-2008-CV-00626, recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on December 24, 2008 as Document No. 2008012206.

20.      Defendant IRS recorded the following subordinate Tax Liens[1] against the Mortgaged Property for unpaid taxes:

      a.      Notice of Federal Tax Lien, dated May 9, 2019, and recorded on May 21, 2019, as Document No. 2019003241, at the Office of the Recorder of Deeds, District of St. Thomas and St. John, in the amount of $23,631.22.

      b.      Notice of Federal Tax Lien, dated May 9, 2019, and recorded on May 21, 2019, as Document No. 2019003250, at the Office of the Recorder of Deeds, District of St. Thomas and St. John, in the amount of $34,175.91.

21.      Defendant VIBIR recorded the following subordinate Tax Liens against the Mortgaged Property for unpaid taxes:

      a.      Notice of Tax Lien, recorded on January 30, 2017, as Lien No. 170100035, at the Office of the Recorder of Deeds, District of St. Thomas and St. John, in the original amount of $45,935.29

---

[1] Defendant IRS also recorded a Notice of Federal Tax Lien, dated January 11, 2013, and recorded on January 23, 2013, as Document No. 2013000484, which has expired.

b.      Notice of Tax Lien, recorded on January 30, 2017, as Lien No. 170100036, at the Office of the Recorder of Deeds, District of St. Thomas and St. John, in the original amount of $115,377.25.

22.    Plaintiff's Complaint in this matter was filed on January 7, 2021 [ECF 1].

23.    The Summons & Complaint were personally served on Defendant VICTOR on February 23, 2021, and proof of service was filed with the Court on May 11, 2021 [ECF 13-1].

24.    Service was properly effectuated on Defendant VIBIR, and Defendant VIBIR filed an Answer to Plaintiff's Complaint on December 6, 2021 [ECF 21].

25.    Service was properly effectuated on Defendant IRS, and counsel for Defendant IRS filed an appearance in this matter on July 29, 2022 [ECF 47].

26.    The Summons & Complaint were served by publication on Defendant TODMAN pursuant to the Court's Order dated August 6, 2021 [ECF 19], and proof of service was filed with the Court on February 28, 2022 [ECF 25-1].

27.    Pursuant to Federal Rules of Civil Procedure 12(a)(1)(A)(i), Defendant VICTOR and Defendant TODMAN failed to respond to the Complaint and Summons within the time permitted by law, and as a result, a default was entered by the Clerk of the Court on August 9, 2022. [ECF 48-49].

28.    A search of the Department of Manpower Database indicated that Defendant VICTOR is not an active member of the U.S. Armed Forces.

29.    A search of the Department of Manpower Database is not possible for Defendant TODMAN due to a missing Social Security number, but Plaintiff received no indication that Defendant TODMAN is an active member of the U.S. Armed Forces.

30.     There is no indication that Defendant VICTOR or Defendant TODMAN are minors or incompetent.

31.     During the pendency of this action and prior to the foreclosure sale of the Mortgaged Property, PLANET may be required to pay real property taxes, insurance premiums, or other similar charges with respect to the Mortgaged Property, which, pursuant to the First Priority Mortgage become part of the principal amount of the indebtedness and for which PLANET is entitled to recover against Defendants; as well as its costs and fees, including reasonable attorneys' fees as a result of protecting PLANET's legal rights, which under the provisions of the First Priority Mortgage also become a lien on the Mortgaged Property until paid.

32.     Plaintiff's First Priority Mortgage is a first priority lien upon the Mortgaged Property.

33.     Defendant IRS and Defendant VIBIR have both stipulated and agreed that Plaintiff is entitled to foreclose its liens and all other liens having a lower priority in accordance with V.I. Code ANN. tit. 28, §§ 531-538, specifically including each of the individual Tax Liens referenced herein; and have stipulated and agreed that each of the individual Tax Liens referenced herein are subordinate to Plaintiff's First Priority Mortgage. [ECF 52.]

34.     Plaintiff, Defendant IRS, and Defendant VIBIR have jointly requested that the Court enter an order waiving the statutory mediation requirement pursuant to 28 V.I.C. § 531, given there are no genuine issues of material fact between them for trial; and the Court finds that waiver of the statutory mediation requirement is appropriate. [ECF No. 21.]

//

//

//

### B.     Judgment for Debt

Judgment for debt is hereby entered as to the Note and First Priority Mortgage in favor of Plaintiff, PLANET HOME LENDING, LLC; and against Defendant FRANKLYN O. VICTOR in the amount of **$712,342.68** as detailed below:

| | |
|---|---|
| Principal Balance | $ 534,060.48 |
| Interest Due | $ 141,611.82 |
| From 02/01/2019 to 06/16/2023 @ *6.99%* | |
| Recoverable Balance | $  17,771.40 |
| Accum. Late Charges | $    2,351.73 |
| Escrow Advances | $  16,547.25 |
| **Total Due:** | **$ 712,342.68** |

plus further interest accruing at the rate of **$88.69** per diem (6.99%) from November 12, 2022, to the date of entry of this judgment; plus statutory interest of 4.00% to accrue on the total judgment so entered from the date hereof.

Counsel may file a separate application for any additional attorney's fees and costs incurred as a result of this action at any time prior to the prior to the entry of the Order confirming sale.

### D.     Judgment of Foreclosure of Real Property Mortgage

Judgment of Foreclosure of Mortgage in satisfaction of the Judgment for Debt shall be, and is hereby, entered in favor of Plaintiff, PLANET HOME LENDING, LLC; and against Defendants FRANKLYN O. VICTOR; MONICA TODMAN; U.S. DEPARTMENT OF TREASURY—INTERNAL REVENUE SERVICE; and VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE; as to the following real property (the "Property" or the "Mortgaged Property"):

> **PARCEL NO. 278 ESTATE HOSPITAL GROUND**
> **NO. 9 NEW QUARTER**
> **ST. THOMAS, VIRGIN ISLANDS**
> **AS SHOWN ON PWD NO. D9-2097-T82**
> **CONSISTING OF 0.455 US ACRES, MORE OR LESS**

Plaintiff's Mortgage is a first priority lien superior to all other liens of record or claims of legal or equitable interests of the Defendants. Plaintiff's right, title, and interest in the Mortgaged Property is superior to and shall not be subject to challenge by any parties claiming to be unknown heirs, devisees, beneficiaries, grantees, assignees, lienors, creditors, trustees, and all other unknown persons or spouses claiming by, through, under or against the Defendants.

Further, any liens recorded against the Property after the date of the recording of Plaintiff's First Priority Mortgage in this matter are foreclosed, whether known or unknown. Finally, Plaintiff shall have foreclosure of its First Priority Mortgage in satisfaction of the Judgment for Debt in accordance with the rules, procedures, and usages of this Court.

### E.    General Provisions

1.     Upon sale by the U.S. Marshal, all rights of the Defendants shall be divested with the exception of a six month right of redemption in the Property in accordance with title 28, section 535 of the Virgin Islands Code.

2.     PLANET HOME LENDING, LLC shall be entitled to a deficiency judgment against Defendant VICTOR should the proceeds from the Marshal Sale be insufficient to satisfy the judgment.

3.     The U.S. Marshal shall be directed to deliver to the purchaser at the Marshal's Sale a Certificate of Title for the Property immediately following confirmation of sale, and a U.S. Marshal's Deed with respect to the Property immediately upon expiration of all rights of redemption.

4.     The proceeds of the U.S. Marshal's Sale shall first be applied to the satisfaction of the Judgment for Debt; and thereafter, if any excess funds exist, applied to the satisfaction and

thereafter, if any excess funds exist, applied to the satisfaction of any subsequent liens consistent with Virgin Islands law.

5.      PLANET HOME LENDING, LLC and/or its successor(s)-in-interest is authorized to advertise a Notice of Marshal's Sale incorporating the general provisions hereof, once per week for four (4) consecutive weeks prior to such U.S. Marshal's Sale, in a newspaper of general circulation as it is defined in title 1, section 41 of the Virgin Islands Code, and such provisions and means of publication are found to be commercially reasonable in every respect.

6.      At any time, before or after the U.S. Marshal's Sale, PLANET HOME LENDING, LLC shall be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and PLANET HOME LENDING, LLC and/or its nominee(s) and assignee(s) shall be allowed to credit bid at such sale and shall be allowed to transfer and/or assign any bids.

7.      PLANET HOME LENDING, LLC and its nominee(s) and assignee(s) shall not be required to deposit in cash or any percentage of its or their bids if any of them is the successful bidder, but any other bidder at the Marshal's Sale the terms shall be cash or other immediately available funds and the highest bidder shall be required to pay the U.S. Marshal ten percent (10%) of the bid in cash or immediately available funds no later than 3:00 pm on the day of the sale as a condition of being the successful bidder, and to pay the remaining ninety percent (90%) of the bid in cash or immediately available funds within thirty (30) days, inclusive of the date of sale.

8.      The failure to deposit ten percent (10%) of the bid or to pay the balance within the prescribed time periods will result in the forfeiture of all deposits as and for liquidated damages to be applied toward satisfaction of costs or the Debt Judgment, and the U.S. Marshal may, at the

option of PLANET HOME LENDING, LLC or its nominee(s) or assignee(s), award the sale to the next highest bidder or sell the property again at the next available U.S. Marshal's Sale.

9.      Time is of the essence for the payment of all amounts in connection with the U.S. Marshal's Sale.

10.     Counsel for PLANET HOME LENDING, LLC shall be entitled to prepare the U.S. Marshal's Deed if PLANET HOME LENDING, LLC or its nominee or assignee is the successful bidder, and the U.S. Marshal shall execute such Deed, which Deed shall conform to existing law.


**IT IS SO ORDERED, ADJUDGED AND DECREED** on this <u>29th</u> day of <u>August</u>, 2023


<u>/s/ Robert A. Molloy</u>
**JUDGE OF THE DISTRICT COURT
OF THE VIRGIN ISLANDS**


**ATTEST:
GLENDA L. LAKE, ESQ.
Clerk of Court**


**By:** _____